Pamela Campbell Burton, Counsel Leavenworth County Fire District No. 1 112 South Main Street, Suite A Lansing, Kansas 66043
Dear Ms. Campbell Burton:
As legal counsel for Leavenworth County Fire District No. 1, you request our opinion on whether an entity subject to the Kansas Open Meetings Act (KOMA) may lawfully have meetings by telephone, and if so, how such meetings should be conducted in order to comply with the terms of the KOMA.
For purposes of this opinion, we will assume that the body in question is in fact subject to the KOMA[1] and that the body in question is holding a meeting as defined by the KOMA.[2] K.S.A. 75-4317a
specifically mentions meetings that are conducted telephonically, noting that such conversations, when combined with the other two elements of a meeting, can constitute a meeting subject to the Act. If the KOMA was intended to prohibit telephonic meetings, we do not believe this portion of K.S.A. 75-4317a would have been included or necessary. Thus, in answer to your first question, it is our opinion that a public body subject to the KOMA may legally conduct meetings by telephone, as long as the public body conducting such a telephonic meeting complies with all of the requirements of the KOMA.[3]
If a body subject to the KOMA conducts a meeting, K.S.A. 2004 Supp.75-4318 requires that the meeting be open to the public.[4] The body should make reasonable efforts to allow the general public to attend and listen to the discussions. What is reasonable will depend upon the facts of each situation. The key to determining whether a meeting is "open" is whether it is accessible to the general public, in the sense that it allows the public to listen to the discussion.[5] The KOMA does not require that the public be allowed to speak at a public meeting.[6]
In order for there to be an open meeting conducted in whole or in part by use of a telephone system, members of the public must be allowed to somehow listen to the phone conversation. This can be accomplished by allowing the public to "tie into" the phone call itself, or to be present at some open and public place where a speaker phone is located and which allows the entire conversation to be listened to by interested members of the general public.[7]
Likewise, in whatever manner the meeting is conducted, all the other requirements of the KOMA remain applicable, e.g., K.S.A. 2004 Supp. 75-4318
requires notice of meetings to those persons requesting notice[8] and if the public body wishes to privately discuss a matter, an executive session may be conducted (once the meeting is publicly convened) if the topic to be discussed falls under the scope of K.S.A. 2004 Supp. 75-4319
or other applicable laws.[9]
In summary, it is our opinion that a public body subject to the KOMA may legally conduct meetings by telephone, as long as the public body conducting such a telephonic meeting complies with all of the requirements of the KOMA. Regardless of whether a meeting is to be conducted telephonically, in person, by video-conference, or even through third parties, the requirements of the KOMA remain applicable. Thus, in conducting a telephonic meeting subject to the KOMA, the general public should be provided with some means of listening to the discussion, be able to ascertain how individual members of the body voted on matters, matters may only be privately discussed in accordance with K.S.A. 2004 Supp. 75-4319, and notice of the telephonic meeting should be provided if notice has been requested.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] Under K.S.A. 2004 Supp. 75-4318, there are two concurrent requirements for determining if a body is subject to the KOMA: The KOMA applies to (1) all legislative and administrative bodies, state agencies, and political and taxing subdivisions (2) which receive or expend and are supported in whole or in part by public funds.
[2] Under K.S.A. 75-4317a, a meeting is defined as (1) a gathering, assembly, telephone call or any other means of interactive communication (2) by a majority of a quorum of the membership of an agency or body (3) for the purpose of discussing the business or affairs of the body.
[3] We also note that this has been the opinion of this office for some time, but that this principle has been so commonly accepted that it has heretofore never been succinctly stated in a formal Attorney General Opinion. See also "Kansas Sunshine Law; How Bright Does it Shine Now? The Kansas Open Meetings Act" Theresa Marcel Nuckolls, KBAJ Vol. 72, No. 6, page 40 (2003).
[4] Attorney General Opinion No. 80-43 (an open meeting is one where any person may attend).
[5] Attorney General Opinions No. 86-153, 79-253, 82-133, and 80-148.
[6] However, other applicable statutes, or the specific policies or rules of the body in question, should also be consulted to determine if other authority provides a right to speak at the particular body's public meetings.
[7] Conducting an open meeting also means that secret ballots are not allowed; the public must be able to ascertain how each member voted. Thus, if a vote is taken in a telephonic meeting, the persons voting telephonically should individually identify themselves and then state how they vote.
[8] See Attorney General Opinions No. 86-133, 83-173, 81-15, 81-22, 81-137, and 82-141.
[9] For discussions on executive session issues see Attorney General Opinions No. 80-43, 81-22, 87-10, 87-169, 90-47, 91-31, 96-61, 81-39, 86-162, 88-25, 80-102, 78-202, 80-43, 82-130, 82-176, 82-247, 92-56 and 91-78. See also City of Topeka v. Watertower Place Development Group,265 Kan. 148 (1998) and State v. U.S.D. 305, 13 Kan.App.2d 117
(1988).